Mr. Hanson May it please the court When he was in the military, appellant Michael Coulson was convicted at court-martial of the offense of forcible pandering in violation of Article 120C, subsection B of the Uniform Code of Military Justice or UCMJ. As a consequence of that conviction, Mr. Coulson was required to register as a sex offender under the Sex Offender Registration and Notification Act or SORNA. SORNA is a tier-based system. All sex offenders are assigned to a tier depending on the severity of their prior conviction. All sex offenders are either Tier 1, Tier 2, or Tier 3 offenders. Specifically, SORNA requires us to look at the offender's sex offense, decide whether it is comparable to or more severe than any of the offenses labeled as Tier 2 or Tier 3 offenses under SORNA. If the offense is not comparable to or more severe than a Tier 2 or Tier 3 offense, it's a Tier 1 offense. Now, Mr. Coulson, after he was convicted at court-martial, he traveled across state lines and into the state of Iowa, where he failed to register as a sex offender. He was charged, pled guilty to violating federal law for doing that, and his appeal raises a single sentencing issue. Now, when an offender's tier under SORNA dictates their base offense level under the United States Sentencing Guidelines, and, of course, Tier 2 and Tier 3 offenders have a higher base offense level than a Tier 1 offender. In this case, the district court over Mr. Coulson's objection ruled that his conviction for forcible pandering under the UCMJ was comparable to or more severe than the Title 18 offense of sexual abuse under Section 2242. A Section 2242 offense is a Tier 3 offense, and, therefore, the district court sentenced Mr. Coulson as a Tier 3 offender. In making this decision, the district court humbly conceded that it may very well be wrong because of the complicated structure of SORNA and the complicated issues in play. Unfortunately for Mr. Coulson, the district court was incorrect. He is a Tier 1 offender, and he is entitled to resentencing. Now, in order to do the comparison that SORNA requires, this court must first decide how and which interpretive approach to use in conducting that comparison. The district court applied the categorical approach, comparing only the elements of the forcible pandering offense to the elements of the sexual abuse offense. Although this court has never issued a published decision applying the categorical approach in this context, every circuit court, at least since Mathis that has, has held that the categorical approach applies to this sort of comparison. In this case, Mr. Coulson's asking the court to apply the categorical approach, and the government is not arguing that it does not apply, so unless the court has many questions about that. Oh, I have a serious question about it. All right. I'm ready. Would you agree this is a question of statutory interpretation? Yes. Of the Uniform Code of Military Justice, as well as 2242? It's a question of statutory interpretation of SORNA to decide whether it makes sense to apply the categorical approach. It's also a question of statutory interpretation of the UCMJ provision and Section 2242. Now, as to the SORNA statute, tell me how the categorical approach does anything except render the word comparable, superfluous. Well, any time we're applying the categorical approach, we're doing a comparison. You know where I'm starting. I'm starting with, you know, the principles of statutory construction. Yes. And one of the basic ones is a proper statutory construction does not leave any terms of the statute superfluous. And no one, as far as I can see, has ever pondered what purpose there is to the word comparable if this categorical approach applies. I believe, Judge Loken, the word comparable just tells us that the categorical approach applies. Say what? The word comparable just tells us that we applied the categorical approach because it's preceded by the word offense. Comparable could be factual. Categorical approach does not allow any inquiry into facts. Comparable could be legal, that is, comparing the elements of the offense. But that's not what's going on here. I would submit, and you can tell me why I'm wrong, I don't think there's any contrary interpretation that when the SORNA says a sex offender whose offense is comparable to 2242, that is an instruction to compare the facts of the offense of conviction under SORNA, the prior conviction, with the elements of 2242, which to me is a classic Nijuan situation. Well, if it's a Nijuan situation, then the categorical approach applies because Nijuan says that when a statute references, correct, it's interpreting the INA, but Nijuan specifically says when a statute says compare an offense to a specific code provision in the U.S. Code, that's a categorical approach. And I don't think it renders the term comparable superfluous because you said, Judge Loken, you look at the elements of the offense listed in SORNA. Well, SORNA says compare it to an offense described in this example in Title 18 United States Code Section 2242. So I think in order to be consistent in interpreting SORNA as a whole, offense has to mean the same thing when you're looking at the predicate offense and comparing it to an offense, in this case under Title 18 United States Code Section 2242. But as long as, if you meet the categorical approach, which is there can't be any, if there's any overlap that doesn't fit, what's left of comparable? Well, I think this gets to... Here he did a specific violent act for which he was convicted under a statute that also punishes other acts. And was that offense, was that act, was that offense of conviction comparable to a violation of 2242? And it seems to me that is what should be the relevant question and it requires a circumstance-specific analysis. I don't believe it requires a circumstance-specific analysis because in this respect, the SORNA statute isn't that much different than your current criminal act. And when we're looking to, for example, decide whether a predicate conviction is a serious drug offense for purposes of being a predicate for the ACCA, we look to elements. The Supreme Court told us that in Taylor back in 1990 and that's black-letter law at this point. So in order to... This categorical looks only at elements. Correct. And I don't think that's what this statute says should be done. I don't think that's what Congress intended. I believe it is. Well, it is as to the federal comparator. But what we lead in is your offense of conviction, is it comparable to the elements of the federal offense? I think it's at least ambiguous as to whether offense in that context is circumstance-specific or categorical, i.e., elements versus facts. If Congress intended for an inquiry into the specific circumstances of the offender's prior conviction, it likely would have used the word conduct. No, if Congress had intended your argument, in my view, it means a sex offender whose offense, the elements of whose offense, is punishable. It would have referred to the elements in the lead-in as well as elsewhere. I think we agree that Congress could have been more clear in showing us whether this is supposed to be circumstance-specific or categorical. But this looks like a categorical situation because it doesn't look much different than the ACC argument. Is this an issue of law, discretion, or fact that we're debating? This is an issue of law, statutory interpretation, so it's to no overview. And what of the five or six circuits who have gone your way, so to speak, on this, has any of them discussed this question specifically? Well, I think this goes to an argument that the government makes, and that is whether comparable gives the court some leeway in applying the categorical approach, meaning... I think the government is abandoning the categorical approach while professing to accept it with that argument. That may be. But again, it goes to whether there has to be absolute overlap between the predicate offense statute and the SORNA offense statute listed under Tier 2 or Tier 3. I think the problem for the government with that argument is these are not comparable, and that is because the thrust of the argument is the forcible pandering offense encompasses both the sexual act and sexual contact, two different concepts under both the UCMJ and Chapter 109A of Title 18. The sexual abuse offense under Section 2242 that the district court found comparable only encompasses a sexual act. So in that respect, they are not comparable because those are two different things. Sexual act and sexual contact are defined in different ways under the UCMJ, under Article 120, and they're defined in different ways under Chapter 109A of Title 18. That's the problem for the government. That's a big difference, I guess, is the layman's way to say that. And the fact of the matter is what this forcible pandering offense is most comparable to is a different Chapter 109A offense, and that is abusive sexual contact under Section 2244. That is a sexual contact offense, so obviously it encompasses sexual contact, and it's a lesser offense under Chapter 109A than sexual abuse under Section 2242. The problem for the government is that when we get to 2244 and we look at SORNA, the 2244 offense does appear in SORNA as a Tier 2 or a Tier 3 offense, but there's the additional qualification that the offense must have been committed against a minor. In the case of a Tier 3 offense, it must be against a minor younger than 13 years old. I think you're right on the Tier 2 argument. Right. But on the Tier 3 argument, if it is, in fact, at least with respect to the SORNA predicate offense, circumstance-specific, what happens? Who decides that? Who decides the circumstances, Your Honor? Yeah, who decides if they're comparable under that test? I think that's where we get into the problems with applying the circumstance-specific approach. Right. Because we don't know what the judge would do. Well, heaven forbid. I mean, let's parade the apprendi horrible. We might have to have a jury trial on something we all think we know the answer to. That's what everybody's trying to avoid here in Hasbro for 20 years. Right, and this is a prime – I think it's a serious question whether that becomes a jury question, in which case the government has to try, the parties have to try the facts of the prior conviction. That is one of the problems of the circumstance-specific approach. Which I say, so what? I mean, you know, juries get questions like that all the time. And here we don't know what the members in the court-martial found as to Mr. Coulson. We have the appellate court opinion reciting the facts in the light most favorable to the verdict against him, but according to footnote 3 of that opinion, it's exhibit 2, it's sentencing, the members at the court-martial were instructed that sexual contact was sufficient for conviction. So even though Mr. Coulson was convicted, and even though there's an appellate court opinion affirming that conviction, we don't know what was actually found by the members who decided his fate in the court-martial. Don't say try it again. And that is something, as you said, everyone's trying to avoid. If the government wants to go for tier 3, they may have to try it again. If it's as murky as this one. Right. As it is, the lion's share of the authority here says that the categorical approach applies to this sort of comparison. We'd ask the Court to follow that approach. If there are no further questions at this time, I'd like to reserve the remaining time for questions. Thank you. Thank you. Mr. Timmons. Please, the Court. Mr. Hanson. Donald Timmons on behalf of the United States. The government's position is that the defendant was properly classified as a tier 3 offender. That is because the District Court did not err in finding that the defendant's prior conviction for forceful pandering under the U.S. Young Day was comparable to sex abuse under the federal statute. I'd like to start with addressing the issues that are raised in my brief with the law enforcement. Mr. Hanson argued that the door on Forrester was closed by Mathis, and with respect to that conclusion, I think that the common case here is... The door on Welch was closed? I'm sorry, sir? I didn't hear what you said. The door on the logic of Forrester... Pardon? The door on the logic of Forrester was closed by Mathis is what my colleague here argued in his reply brief. I would respectfully disagree with that conclusion. I think Discamps is the case that requires state offenses to be the same or narrower than the federal offenses. And Discamps was out and knowable to the court that wrote Forrester. But Forrester is an unpublished 10th Circuit opinion, right? That's correct, Your Honor. Unpublished but informed by Discamps. In addition to Forrester, they've got Coleman and Morales' opinions as well, also informed by Discamps. And they stand for what proposition? What's the argument you're making? That the use of the phrase comparable in SORNA allows for some latitude and does not require an exact match in the standard categorical approach that is applied. But at the district court level, you advocated for the categorical approach. And as I understand from your brief, you're not backing off of that, but you're saying it's a modified categorical approach. Is that what I'm hearing you say? My recollection is that I did not advocate for the categorical approach to be applied at sentencing. I've done quite a few of these cases, so I could be misremembering that. But at sentencing, I believe I argued against applying the categorical approach and did say that even if the categorical approach is applied, the elements as compared, if we're just strictly – that's why I submitted Governments Exhibits 1 and 2, the appeals court opinion at sentencing, was to get into the specifics of what Mr. Coulson had done and get away from a categorical approach that merely compared the elements of each offense. Even if you compare each of the elements, compare the elements of each offense, I think the offenses are still comparable. Is this a new standard? And we've got categorical approach. We have what Judge Malloy referred to, the modified categorical approach, which is looking at other documents to see what category it is in. What is this? What does it mean yours is a categorical approach with wiggle room? I'm not sure I understand the parameters of what it is if it's not looking to actually what Mr. Coulson did as a factual matter in the underlying offense. Your Honor, I would admit that it is confusing. It is a bit of a head scratcher for many people involved. I would submit to you that the categorical approach under this comparable standard, it's looking for a comparable match rather than a categorical match. The categorical approach originally came out was interpreting whether or not something is burglary in the context of the ACCA. Here, in the context of SORNA, we've got comparable, whether or not the statutes at issue are comparable. It appears to me that under the categorical approach, where we determine whether or not offenses are comparable, we're cut off from looking at the specific circumstances of the defendant's predicate offense, but can't compare. Are you conceding? You're looking only at the elements of both offenses? I don't believe I'm conceding anything, Your Honor, my understanding of that. Unless you're conceding that you're looking only at the elements, you're not applying the categorical approach, right? Almost by definition, to the extent we can understand the Supreme Court's definition of the category of that moving target. And if you're comparing the elements, where do you get this slightly and so forth? Where do you get what, sir? Your standard of, you're slightly. What's the phrase you use? Slightly broader. Slightly broader? That the federal statute is slightly broader, that the uniform code of military justice statute under which he was convicted is slightly broader than the federal statute. Or can be slightly broader. Is that looking at elements or facts? And if it's looking at elements. I believe we're just looking at elements here. What categorical approach case has ever allowed that? At least on the high side, so to speak. None. I am. I mean, that was the point of this Escalante case. Their footnote line that I disagree with, but it clearly takes that position. What we're stuck with here, Your Honors, is comparing these statutes. Forcible pandering on the one hand, whether or not they're comparable. In my mind, the defendant is arguing that there is not an exact match. There's automatically over breadth. And therefore, it is not a qualifying offense for the reasons that have already been discussed. And it doesn't qualify as a tier three offense. It would be a tier one offense. The comparable standard, however, does not require an exact match. What does it require? Say again? What does your standard require, the comparable standard? How would we write this? What would be – how would we apply this going forward? How would the district courts apply your comparable standard? I would urge the court to look to the language in Forrester, Coleman, and Morales and find some room on the spectrum. So on the one hand, we have the language of Mathis and Descamps, which requires an exact match in the ACCA context. On the other hand, there's a looser context in, for example, relating to in under 2252, I believe it's 2252A and 2252, Title 18 child exploitation offenses that require predicate offenses to be relating to child pornography, for example, or child molestation. That's a spectrum with polar opposites, if you will. This comparable standard, I believe, occupies a middle ground in there somewhere. And because of that middle ground, when you look at the statutes at issue in this case, they should be deemed comparable. Well, how do we deal with the fact that there is – sexual contact can be the basis of a conviction under the Uniform Code of Military Justice. That's a separate federal offense from 2242, which is the comparable statute. How would you have a whole separate statute? How do you deal with that? I think that's where the wiggle room comes into play. In the context of the UCMJ statute, you have to – there's a relatively small universe of cases that require both – or not both – require compulsion, an act of prostitution, and a sex act. But not just any sex act, because there's a decent amount of overlap between the two statutes at issue here. But a sex act done through clothing, a list of anatomical parts. And then it would have to involve – it would have to not involve the slightest penetration of genitalia or the anus. And subsequently – or be involved with the groin rest or inner thigh. That's a long list of anatomy, I know. But that, I think, is a narrow sliver of sexual contact that would – that's criminalized under the UCMJ definition of forcible pain. Which isn't criminal. And so you're – do I understand you to say you agree that that's not criminalized under 2242? I agree that – well, sir. I guess I'm not – I'm not following you. Are you saying that there is a narrow sliver of sexual contact under the Uniform Code of Military Justice that is criminalized that is not an offense under the comparable federal statute? I'm saying it's not criminalized under 2242. That's what I just asked. Sexual abuse, sorry. Yes. So there is a slice of conduct that is criminalized under the Uniform Code of Military Justice, comparable provision, that is not criminalized under 2242, but is criminalized under a separate federal statute, correct? 2244, I believe you're referring to. I have not thought through all the implications or have all that at the ready. I know some of that quite conceivably would be. I think it's more narrow than that, sir. Let me put it a different way. All the contact that's criminal under the Uniform Code of Military Justice, as I understand, is criminal under a federal statute, some of which is criminal under 2242 and some of which is criminal under, I believe, 2244. So how do we deal with the fact that some of the conduct is criminal under a whole different federal statute? I'm not sure that all of it would be because some of the sexual offenses under the federal statute are limited by age, which have their own separate analysis to be done. Every violation of the UCMJ is a federal offense, right? Correct. Yes, I misspoke. I meant under Title 18 specifically, not Title 10, which the UCMJ, I believe, is codified under. Let me ask you this hypothetical question. Would you urge the United States to seek in-bank review if the panel adopted my view that you're right that comparable has a role to play and, therefore, you have to prove factual comparability to ever seek Tier 3 punishment? What was the last part, sir? Well, if we adopt the view where I ended with Mr. Hanson, where he agreed, well, it's kind of hard to know where you go with the category, if circumstance-specific applied. And I said, well, maybe it just goes to a jury trial. And the facts of the UCMJ conviction have to be presented to the jury, and the jury is asked, is that comparable to the elements of a 2242 offense? If we held that, would you urge the government to seek in-bank review of that decision because it's an impossible standard that the Justice Department doesn't want to have to prove? It is hypothetical. I'm not at it. But would you agree that that's a 50-50 question? I do agree that it is a difficult question. Whether the government would think my answer is worse than Mr. Hanson's. I would agree, Your Honor. If there are no further questions, I'll... Thank you. Thank you, Counsel. The case has been well-briefed and well-argued. Interesting question. We'll take it under advisement. Oh, I'm sorry. Thank you, Honors. If the court would accept the government's position, I don't know where that would be district courts in applying the categorical approach, the circumstances approach, and whatever approach the government's arguing. Whatever comparable to means, as long as it can't mean close enough, you know, be your best district courts. That would put us probably in a worse place than the circumstance-specific approach because district courts won't know what that exactly means. I think the weakness of the government's argument is shown by the fact that it's relying on this Forster case, which, as Judge Molloy pointed out, it's unpublished. It's from the Tenth Circuit. It predates the White decision from the Tenth Circuit, which is its published decision applying the categorical approach and then the hybrid approach because of the age of the victim. And, as I said in the reply brief, there's a district court case in the Tenth Circuit, Forster's not good law at this point. But even if this court were to find Forster convincing in some way in deciphering what comparable to means, it's a totally different question than the question presented in this case. In this case, the Forster panel said, well, the state statute at issue covers children of the age of 13 and the federal comparator is 12 and that's a one-year difference. Maybe that's comparable to. That's not what we're dealing with here. We're dealing with the distinction, the very clear distinction under the UCMJ and Title 18 between a sexual act and sexual contact. Again, because the forcible pandering offense encompasses sexual contact, which includes touching over the clothing, it's simply not comparable to Section 2242. The district court erred and Mr. Colson is a Tier 1 offender. Thank you. Thank you, counsel. The case has been very well briefed and argued. The argument's been helpful. The issue is interesting and difficult and recurring. We'll take it under advisement.